E-FILED
Friday, 30 May, 2008  03:09:30 PM
Clerk, U.S. District Court, ILCD

# MOTION

U.S. DISTRICT COURT
CENTRAL DISTRICT
PEORIA DIVISION

## CASE # 1:08-1101

**FILED**
MAY 2 8 2008
PAMELA E. ROBINSON, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## "ORAL ARGUMENT"
(BY HABEAS CORPUS LAW)

I REQUEST TO HAVE A CLASS CERTIFICATION FOR A CLASS ACTION LAWSUIT AGAINST TAZEWELL COUNTY. I REQUEST TO PROCEED AND ASK FOR AN EXTENSION OF TIME AND ALL MOTIONS AND SUBPOENA(S) TO BE GRANTED AS WELL AS ALL RELIEF REQUESTED. I REQUEST A PUBLIC RECORD OF MISCONDUCT AT TCJC. I REQUEST TO PRESS CHARGES AND CORRECTIVE ACTION. I REQUEST FILED STAMPED COPIES. THANK YOU YOUR HONOR.

# STATEMENT

## COMPLAINT - INCIDENT 3/24/08 THROUGH 5/24/08

THIS IS NOT ONLY AN ISOLATED INCIDENT WITH ME, THERE ARE OTHERS LIKE ME WHO ARE BEING SCRUTINIZED UNDER FALSE PRETENSES IN A CRUEL & INHUMANE WAY IN TRUE FORM IN ALL DIFFERENT SHAPES AND SIZES OF CORRUPT, POWER TRIPPING, UNJUST, AND RECKLESS JAIL STAFF (WARDEN, SERGEANTS, OFFICERS, DOCTOR AND NURSES) IN EVERY WAY, SHAPE, AND FORM. THIS MISCONDUCT OF EXCESSIVELY EXTREME PREJUDICE IS NOT ONLY A PLAGUE AMONG OFFICERS. ITS BECOMING HIGHLY CONTAGIOUS, AND QUITE FRANKLY IT MAKES ME SICK. THIS IS A WIDE SPREAD EPIDEMIC AND THE SIZE OF IT WILL CONTINUE TO MANIFEST AND GROW AT A DISTURBING RATE. LOOK @ THE #'S, BECAUSE THESE ARE THE STATISTICS. ADD THAT UP. THESE UNRULY/CRAZED OFFICERS ARE SYSTEMATICALLY CREATING AN OBVIOUS OUTBREAK OF DETAINEE, CIVIL, & CONSTITUTIONAL RIGHTS, VIOLATIONS BY DISRUPTL/ DISOBEYING THEIR OWN SWORN COUNTY JAIL STANDARD CODE.

not permitted as officers being licensed criminals of law enforcement, and that is their own fault of choice and unwise decision on behalf of themselves, their job, the reputation of TCJC jail, the entire Tazewell County jurisdiction, Town of Pekin, State of Illinois. TCJC may be (a) state of the art federally funded facility. These are not good examples of justified state of the art officers. In other words over half of these officers are rotten to the core and this has become a cesspool and the center of a department of corruptions. This is real and this is the Tazewell County corrupt center of injustice. In laymens terms somebody seriously need to take a hard look at correcting this jail. The law should take immediate action and follow through with a gameplan, because my life and health, as well as my safety and security is put in harms way, day after day. Our lives are hanging in the balance of law, and the law should investigate & terminate a few bad eggs that people can see and smell a mile away. This county jail was →

and housing of any future federal and state ran institutions across America. This is a perfect example of a good facility ran by bad officers. 102 counties in the state of Illinois and this had to happen here. This is a prime example of what can go wrong in a well crafted, flawed jail, due to poisonous officers. Swift action and systematic reform needs to be done and put in proper and effective course of action to defuse this tragic situation. This is not right and something needs to be done about it, before it blows up in Tazewell county face again. This should not be happening. Enough is enough. Officers need to stop digging, because now they are buried in their chosen misconduc- I honestly am disgusted b/ all of this and so is my family and every breathing inmate with a pulse in the Tazewell County Justice Center. A dog gets treated better than us and these officers kick us when we are down internally. No jokes. Look at the tapes, because the tapes will say it ahh.

... pay, and we are being fielded beyond legal maximum limits standardized by law. And at this point inmates are upholding law and fighting heart & soul, tooth and nail, for our human rights. Your Honor, I pray to God and hope that we see eye to eye in this civil case. (CLOSING STATEMENT)

† There is no limit to officer misconduct and that is the truth. Misconduct is unlimited in many ways, shapes, and forms. They are making an example of me for standing up for my rights and other inmates. I am not legally limited by law, yet they still take it one step further and illegally take my limited rights entitled & guaranteed by law, and can't be taken away. They have no cause for limitation. They are visiously denying me. They are violating me. I am perfectly sane. They think I am insane for helping and speaking the truth. They will not ever break or silence me or my brothers & sisters in the TCJC jail. We are convicts, and we still have morals.

... DOCTORS AND NURSES ARE DISCRIMINATING AND HARASSING INMATES DAY IN AND DAY OUT AND THE WARDEN EARL HELM IS RESPONSIBLE FOR THE JAIL, BECAUSE HE HAS LET IT GO ON AND HE IS ILLEGALLY INVOLVED AND HE HAS DONE NOTHING, BUT CONDONE ABUSE PHYSICALLY AND EMOTIONALLY, AS WELL AS INMATES DEPRIVATION OF RIGHTS, AND MEDICAL NEGLECT FROM CONTRACTING AGENCIES OR PRACTICE OF MEDICAL HEALTH CARE. EARL HELM IS THE SUPERINTENDENT AND IS FULLY AWARE OF COUNTLESS CORRECTIONAL OFFICERS VIOLATIONS, DATING BACK WELL OVER 6 YEARS. THERE IS A SLEW OF CRIMES DONE TO INMATES, AND HE KNOWS IT AND HAS DONE NOTHING ABOUT IT. HE WONDERS WHY INMATES AND THEIR FAMILIES ARE UPSET @ HIM AND THE ENTIRE JAIL, BECAUSE OF MISTREATMENT. THEY WILL ENCOUNTER TO ... US AND MAKE US SUFFER ALL WE WANT IS HELP AND THEY LITERALLY SIT ON US. WE ARE FED UP & THE GOVERNMENT NEEDS TO CLEAN ... CASE ...

COUNTY [illegible] IS A PROVEN FACT AND I HAVE ABOUT 20 PEOPLE, SO FAR THAT WILL TESTIFY UNDER OATH AS VICTIMS AND WITNESSES OF OFFICERS BEHAVIORAL ACTION OF MISCONDUCT, THESE ARE FACTUAL FINDINGS AND THE DEFENDANT SHOULD READ ABOUT IT IN THE DISCOVERY.

"BY HABEAS CORPUS LAW"

I RESPECTFULLY REQUEST TO PROCEED AND COMMENCE ACTION IN THIS CIVIL CLAIM AND I ASK THAT ALL MOTIONS & SUBPOENA'S BE GRANTED AS WELL AS ALL RELIEF REQUESTED. INMATES ARE TAKING A STRONG STAND TOGETHER AND I AM NOT ALONE. WE WILL TAKE THE STAND UNDER OATH, TO SAY THE TRUTH AND NOTHING, BUT THE WHOLE TRUTH, SO HELP ME GOD. I REQUEST TO PROCEED AND AND I AM REQUESTING AN EXTENSION OF TIME AND ALL PUBLIC RECORD OF ICC MISCONDUCT, [illegible]

# Tazewell County Justice Center
## Detainee Request Form

Name: THOMAS, TASHUAN M  Date: 5/23/08  Pod: ME1  Cell: 2
(Last  First  M.I.)

***Instructions***
1. Print all information.
2. Provide as much information as possible, fill out the narrative section.
3. Check the ( ) item you are requesting for information.
4. Fill out **Only One (1) Request** per form.
5. Submit the white and yellow copy of the request form, keep the pink copy.

***Classification Section***
( ) Request For Tender Status
(X) Request For Reclassification
( ) Problems With Other Detainees
( ) Appeal Of Disciplinary
( ) Appeal of Classification

***Medical***
( ) Request To See Nurse

***Administrative Section***
( ) Request for information
    ( ) Court Date   ( ) Writs   ( ) Holds   ( ) Mail   ( ) Detainee Account Balance
( ) Request for Special Visit
( ) Property
( ) Food Service Section
( ) Commissary Section
(X) Complaint About Treatment/Grievances
( ) Appeal of Grievance
( ) Request To Go To Law Library
( ) Other

Area below narrative for above request- Use space below and attach paper if necessary:

TO SHERIFF HOUSTON: THE DAY AFTER I SHATTERED 2 OF YOUR WINDOWS, BOTH CLASSIFICATION OFFICER MORETTI AND OFFICER HOSTETLER CAME TO SEE ME IN THE MORNING WHERE I WAS GETTING MY X-RAYS ON MY KNEE AND ANKLE DONE, BEFORE COURT ON 5/2/08. MORETTI AND HOSTETLER AND I TALKED FOR ABOUT A HALF HOUR. THEY TOLD ME THEY WANT TO PUT ME IN

Detainees Signature: _____  Date: 5/23/08

***Staff Response***

Pod Officer/Staff Signature: _____  Star # ___  Date: __/__/__
Sergeant/Area Supervisor Signature: _____  Star # ___  Date: __/__/__

White- Send to Classification   Yellow- Return to Detainee   Pink- Detainee retain after filling out

1:08-cv-01101-HAB-JAG #9 Page 9 of 13



1. At the first stage, a court may dismiss a pro se post-conviction petition without appointing counsel if the court determines the petition is frivolous. 725 ILCS 5/122-2.1(2); People v. Porter, 122 Ill. 2d 64, 521 N.E.2d 1158 (1988); People v. Von Perbandt, 221 Ill. App. 3d 951, 583 N.E.2d 90 (1991); People v. Gaultney, 174 Ill. 2d 410, 675 N.E.2d 102 (1996).

2. A trial judge may summarily dismiss a non-capital post-conviction petition as frivolous and patently without merit only if all the issues are frivolous. A post-conviction petition which alleges even a single non-frivolous issue must be docketed in its entirety for the appointment of counsel and further proceedings. People v. Rivera, 198 Ill.2d 364, 763 N.E.2d 306 (2001).

3. Trial court may not summarily dismiss a petition on timeliness grounds. People v. Boclair, 202 Ill.2d 89, 789 N.E.2d 734 (2002). Boclair also holds that under the plain reading of the statute, only the substantive virtue of the petition should be reviewed at the first stage, not the procedural compliance of the petition.

4. Boclair also prohibits summary dismissal of a pro se post-conviction petition on procedural grounds of waiver and *res judicata*. People v. McGhee, 337 Ill.App.3d 992, 787 N.E.2d 324 (1st Dist. 2003); People v. Blair, 338 Ill.App.3d 429, 788 N.E.2d 240 (1st Dist. 2003), leave for appeal granted. But See People v. Etherly, 344 Ill.App.3d 599, 801 N.E.2d 99 (1st Dist. 2003) (holding that waiver or procedural default cannot provide a basis for first-stage dismissal; however, *res judicata* may provide a basis for first-stage dismissal where no fact-finding or consideration of matters outside the record us necessary to determine that issues raised in the post-conviction petition were previously decided and therefore substantively rebutted by the trial and appellate record).

In order to survive dismissal at the first stage, the pro se petition:

- Need only contain a statement which presents the gist of a meritorious claim. A gist of a meritorious claim need not "set forth the claim in its entirety" and did not have to include legal arguments and is something less than a completely pled or fully stated claim." A *pro se* litigant "will be unaware that certain facts, which in his mind are tangential or secondary, are, in fact, critical parts of a complete and valid constitutional claim." People v. Edwards, 197 Ill. 2d 239, 245, 757 N.E.2d 442 (2001). People v. Smith, 326 Ill. App. 3d 831, 761 N.E.2d 306 (1st Dist. 2001); People v. Beard, 301 Ill. App. 3d 279, 703 N.E.2d 552 (4th Dist. 1999)

- Need only present a limited amount of detail in the petition because it is a low threshold for evaluation the petition. People v. Jones, 168 Ill. App. 3d 925, 522 N.E.2d 1325, 1233 (1st Dist. 1988); People v. Gaultney, 174 Ill. 2d 410, 675 N.E.2d 102 (1996).

N.E.2d 1034 (2d Dist. 2001).

C.  Second Stage- Motion To Dismiss/ What Must Be Demonstrated To Obtain An Evidentiary Hearing

*Sec. 122-5. Proceedings on petition. Within 30 days after the making of an order pursuant to subsection (b) of Section 122-2.1 [725 ILCS 5/122-2.1], or within such further time as the court may set, the State shall answer or move to dismiss. In the event that a motion to dismiss is filed and denied, the State must file an answer within 20 days after such denial. No other or further pleadings shall be filed except as the court may order on its own motion or on that of either party. The court may in its discretion grant leave, at any stage of the proceeding prior to entry of judgment, to withdraw the petition. The court may in its discretion make such order as to amendment of the petition or any other pleading, or as to pleading over, or filing further pleadings, or extending the time of filing any pleading other than the original petition, as shall be appropriate, just and reasonable and as is generally provided in civil cases.*

[handwritten margin note: EXTENSION OF TIME]

1. The State can move to dismiss a petition at the second stage. People v. Oury, 159 Ill. App. 663, 631 N.E.2d 822 (1994).

2. A post-conviction petitioner is not entitled to an evidentiary hearing as a matter of right; rather, a petitioner must make a substantial showing of a violation of constitutional rights in order to be entitled to an evidentiary hearing. People v. Titone, 151 Ill. 2d 19, 600 N.E.2d 1160, 1163 (1992); People v. Hickox, 229 Ill. App. 3d 454, 593 N.E.2d 736, 737 (2nd Dist. 1992).

3. A legally sufficient post-conviction petition must be supported by affidavits, records, or other evidence or explain why these are not attached. The petition must identify with reasonable certainty the sources, character, and availability of alleged evidence supporting the petition. People v. Johnson, 151 Ill. 2d 227, 609 N.E.2d 304, 310 (1993); People v. Coleman, 183 Ill.2d 366 (1998).

4. In determining if an evidentiary hearing is necessary, the petitioner's allegations and the supporting documents should be considered as true, unless contradicted by the record. If these allegations and the supporting documents establish a constitutional violation, then the court should hold an evidentiary hearing. People v. Dillard, 204 Ill. App. 3d 7, 561 N.E.2d 1219 (3rd Dist. 1990); People v. Wren, 223 Ill. App. 3d 722, 585 N.E.2d 1216 (5th Dist. 1991); People v. Coleman, 183 Ill.2d 366 (1998).

5. Generally, an evidentiary hearing should be held when a post-conviction petition

6. On appeal, the State asserted that the petition was untimely, the appellate court decided the merits of the petition because the trial court below did not rule on the timeliness issue. People v. Manikowski, 288 Ill. App. 3d 157, 679 N.E. 2d 840 (5th Dist. 1997)

7. On appeal, whether a defendant demonstrated he lacked culpable negligence in filing a late petition is subject to *de novo* review. People v. Perry, Ill. App. 3d , 687 N.E.2d 1095, 1096 (1st Dist. 1997).

> *Sec. 122-1(d) A person seeking relief by filing a petition under this Section must specify in the petition or its heading that it is filed under this Section. A trial court that has received a petition complaining of a conviction or sentence that fails to specify in the petition or its heading that it is filed under this Section need not evaluate the petition to determine whether it could otherwise have stated some grounds for relief under this Article.*

- A pro se litigant's petition or motion may be treated as a post-conviction petition despite the title given by the pro se litigant to his document if the petition raises constitutional claims. People ex rel. v. Twomey, 53 Ill. 2d 479, 292 N.E.2d 379 (1973). **BUT SEE**: amendment to statute 725 ILCS 5/122-1(d) that now precludes this.

### III. CONTENTS OF PETITION

> *Sec. 122-2. Contents of petition. The petition shall identify the proceeding in which the petitioner was convicted, give the date of the rendition of the final judgment complained of, and clearly set forth the respects in which petitioner's constitutional rights were violated. The petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached. The petition shall identify any previous proceedings that the petitioner may have taken to secure relief from his conviction. Argument and citations and discussion of authorities shall be omitted from the petition.*

A. Petition should be supported with affidavits, records, or other supporting evidence, as the Post-conviction Act requires, or the petition shall state why the same are not attached. People v. Gaultney, 174 Ill. 2d 410, 675 N.E.2d 102 (1996). The failure to attach such affidavits or explain their absence justifies summary dismissal. People v. Collins, 202 Ill.2d 59, 782 N.E.2d 195 (2002). Defendant's sworn verification will not suffice.

### IV. FIRST STAGE OF POST-CONVICTION PROCEEDINGS

> *Sec. 122-2.1. (a) Within 90 days after the filing and docketing of each petition,*

6. People v. Davis, 156 Ill. 2d 149, 619 N.E.2d 750 (1993)-a post-conviction attorney is only required to read the record and amend the petition with regard to the claims raised in the pro se petition.

7. Counsel may not bifurcate the review of the record and choose to address only procedural flaws at first; counsel's obligation under 651(c) is to review all relevant portions of the record. People v. Peoples, 346 Ill.App.3d 258, 804 N.E.2d 577 (1st Dist, 2004).

B.   Counsel-Post-conviction Counsel Failure to Provide Reasonable Level of Assistance

1. People v. Wren, 223 Ill. App. 3d 722, 585 N.E.2d 1216 (5th Dist. 1991)-an attorney's failure to amend a pro se petition does not in and of itself establish failure to comply with the Rule.

2. In People v. Johnson, 154 Ill. 2d 227, 609 N.E.2d 304 (1993), the Illinois Supreme Court found that post-conviction counsel failed to comply with the requirements of Rule 651(c), where he failed to amend the defendant's petition to adequately state his claims and failed to present supporting documents or affidavits. The post-conviction attorney consulted with the defendant on several occasions to ascertain his contentions and reviewed the trial record; however, he did nothing to shape these claims into appropriate legal form and did no investigation to support those claims. Johnson, 609 N.E. 2d at 309-310. See also People v. Turner, 187 Ill.2d 406, 719 N.E.2d 725 (1999) (where trial court found several claims waived, post-conviction counsel's failure to allege that appellate counsel was ineffective for failing to raise claims on direct appeal fell beneath "reasonable level of assistance" required by R. 651(c).

3. On appeal from the first post-conviction petition, a defendant can attack the reasonable level of representation by showing that the attorney could have amended the petition to state a case upon which relief could be granted or by showing his attorney's lack of compliance with Rule 651(c). People v. Gully, 243 Ill. App. 3d 853, 611 N.E.2d 1374 (1993). See also People v. Kluppelberg, 327 Ill. App. 3d 930, 764 N.E.2d 1182 (1st Dist. 2002).

4. Because a petitioner is entitled to reasonable representation on his petition and there is no Sixth Amendment right to counsel on a post-conviction petition, a petitioner is unable to allege in his second post-conviction petition a constitutional violation based on the ineffectiveness of his first post-conviction attorney. People v. Flores, 153 Ill. 2d 264, 606 N.E.2d 1078 (1992).

5. Counsel acted unreasonably where he failed to argue that petitioner's severe mental condition, including the inability to distinguish the concepts of "before and after," excused the untimely filing of his post-conviction petition. People v. Robinson, 324 Ill. App. 3d 553, 755

#1000106<!-- -->42 (1)

**I'VE DONE 60 DAYS IN ISOLATION. NURSE RENAE FOR OVER 2 WEEKS NOW HAS NOT PUT ME ON THE DOCTORS LIST FOR DR. CULLINAN AND DR. OAKLEY. SHE WON'T HELP ME**

(1:00 p.m.)

**NURSE RENAE SAID SHE WOULD CALL DR. CULLINAN OVER 2 WEEKS AGO**

Tazewell County Justice Center
Detainee Request Form

Name: __THOMAS, JOSHUA, M__ Date: __5/23/08__ Pod: __MED__ Cell: __2__
(Last, First, M.I.)

**FOR PAIN MEDICATION. I STILL HAVE NONE. SHE WON'T DO ANYTHING**

***Instructions***  **I ASK HER, I TOLD HER I WAS IN PAIN FROM MY FRACTURED**
1. Print all information. **KNEE AND OLD INJURIES. SHE SMILED AT ME AND SAID THAT'S**
2. Provide as much information as possible, fill out the narrative section.
3. Check the ( ) item you are requesting for information. **FINE AND DANDY AND WALKED OFF. DR.**
4. Fill out **Only One (1) Request** per form. **CULLINAN DOES THE SAME THING, AND**
5. Submit the white and yellow copy of the request form, keep the pink copy.

**THEY WONDER WHY I HAVE A STATE & FEDERAL**

***Classification Section*** **CLASSACTION CIVIL LAWSUIT ON TCJC JAIL.**
( ) Request For Tender Status
(X) Request For Reclassification
( ) Problems With Other Detainees
( ) Appeal Of Disciplinary
( ) Appeal of Classification

***Medical***
( ) Request To See Nurse

***Administrative Section***
( ) Request for information
  ( ) Court Date ( ) Writs ( ) Holds ( ) Mail ( ) Detainee Account Balance
( ) Request for Special Visit  **SHERIFF HOUSTON!**
( ) Property
( ) Food Service Section  **CLASSIFICATION WANTS ME IN POPULATION**
( ) Commissary Section  **THEY ARE ILLEGALLY PUNISHING ME DAY AFTER DAY**
(X) Complaint About Treatment/Grievance  **VANHUSSEN & OTHERS ARE STOPPING ME FROM GOING TO POP.**
( ) Appeal of Grievance
( ) Request To Go To Law Library
( ) Other

Area below narrative for above request-Use space below and attach paper if necessary:

**TO SHERIFF HOUSTON: THE DAY AFTER I SHATTERED 2 OF YOUR WINDOWS, BOTH RECLASSIFICATION OFFICER MORETTO AND OFFICER HOSTETTLER CAME TO SEE ME IN THE MORNING WHILE I WAS GETTING MY X-RAYS ON MY KNEE AND ANKLE DONE, BEFORE COURT ON 5/2/08. MORRETTO AND HOSTETTLER AND I TALKED FOR ABOUT A HALF HOUR. THEY TOLD ME THEY WANT TO PUT ME IN**

Detainees Signature: _[signature]_ Date: __5/23/08__

***Staff Response*** **(I HAVE NO DISCIPLINARY TICKET & NO HEARING)**
**(I NEVER HURT ANYBODY & I'M NOT SUICIDAL)**
**(I AM NOT TRYING TO ESCAPE & I'M NOT INSANE)**
**I DON'T ↔ (I DON'T HAVE DOCTOR ORDERS SAYIN I CAN'T HAVE**
**MY AUTHORIZED CELL PROPERTY.)(NO DISTURBANCES)**
**(VANHUSSEN STILL TAKES MY BEDDING - 3 WEEKS NOW)**
**(I HAVE 60 DAYS TILL MY LAST COURT DATE. I NEED TRANSFERED TO POPULATION**

Pod Officer/Staff Signature: _[signature]_ Star # __6558__ Date: __5/23/08__
Sergeant/Area Supervisor Signature: _____ Star # _____ Date: __/__/__

White- Send to Classification   Yellow- Return to Detainee   Pink- Detainee retain after filing out

**POPULATION ASAP. I SAID REALLY, O.K. THAT SOUNDS GOOD, AND THANK YOU. WE'VE TALKED ABOUT THE PROBLEMS I'M HAVING WITH JAIL STAFF ABOUT 4 TIMES NOW. THEY SAID THEY KNOW I DON'T CAUSE TROUBLE.**

(VOLUME 1)
3 PAGES TOTAL    CASE # 1:08-1101

"MOTION"

FILED
MAY 2 8 2008
PAMELA E. ROBINSON, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

VOLUME 1

I REQUEST FOR SUBPOENA'S TO BE ISSUED TO ALL WITNESSES. I REQUEST FOR THIS PACKET OF INFORMATION TO BE ENTERED AS EVIDENCE AND APPROPRIATLY SORTED THROUGH FOR FACTUAL FINDINGS. I REQUEST FOR ALL MOTIONS TO BE GRANTED AND FILED. THANKYOU YOUR HONOR. "BY HABEAS CORPUS LAW." "BY 42 U.S.C. § 1983 BIVEN LAW." "BY CRIME VICTIMS COMPENSATION ACT LAW." "BY CIVIL LIABILITES ACT LAW." "BY COUNTY JAIL ACT LAW." "BY FREEDOM OF INFORMATION ACT LAW." "BY PRIVACY ACT HIPPA LAW." AND, "BY COUNTY JAIL GOOD BEHAVI ALLOWANCE ACT LAW." AND "BY ALL STATE AND FEDERAL LAW." I REQUEST PUBLIC RECORD OF TCJC MISCO

RESPECTFULLY SUBMITTED,
[signature]
JOSHUA M. THOMAS
PRO SE

THOMAS, PLAINTIFF,
V.
CULLIANAN et al, DEFENDANT,

VOLUME 1

CASE # 1:08-1101

① PAGE 1 OF 1

U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

PEORIA DIVISION

"MOTION"

I REQUEST FOR THIS "AMENDED COMPLAINT" TO BE ADDED TO CASE # 1:08-1101. I ALSO REQUEST TO PRESS CHARGES AGAINST TCJC JAIL STAFF WORKERS FOR VIOLATING MY DETAINEE, CONSTITUTIONAL AND CIVIL RIGHTS. I REQUEST ALL PREVIOUSLY FILED COMPLAINTS IN THIS CASE TO BE AMENDED. I REQUEST FILED STAMPED COPIES OF EVERY LEGAL DOCUMENT IN THIS CASE. I REQUEST FOR RELIEF TO BE GRANTED "BY HABEAS CORPUS LAW". THANKYOU YOUR HONOR. I REQUEST FOR ALL AFFIDAVITS AND ALL COMPLAINTS TO BE REVIEWED FOR PURPOSES OF PRESSING CHARGES.

RESPECTFULLY SUBMITTED,
JOSHUA M. THOMAS
PRO SE

VOLUME 1

(VOLUME 1)

# CASE # 1:08-1101

## "MOTION"

PETITION

I REQUEST FOR THIS PACKET OF MOTIONS," AMENDED COMPLAINTS," AFFIDAVITS, WITNESSES, AND RELIEF SOUGHT TO BE GRANTED AND ENTERED AS EVIDENCE AND OF PUBLIC RECORD, AND ALL OTHER EVIDENCE IN CASE # 1:08-1101 TO BE CLOSELY ANALIZED FOR EFFECTIVE JUSTICE AND JUDGEMENT." BY HABEAS CORPUS LAW." THANKYOU FOR YOUR TIME YOUR HONOR.

RESPECTFULLY
SUBMITTED,
*[signature]*
JOSHUA M. THOMAS,
PRO SE
PLAINTIFF