E-FILED
Monday, 09 June, 2008 02:55:42 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOSHUA THOMAS,
   Plaintiff,

vs.                                                            No. 08-1101

DR. CULLINAN, et.al.,
   Defendants

### CASE MANAGEMENT ORDER #1

      This cause is before the court for case management. The pro se plaintiff filed his original complaint on April 30, 2008 against ten defendants from the Tazewell County Jail. The plaintiff used a standard complaint form and marked that he was filing his lawsuit for violations of his constitutional rights pursuant to §1983.

      On May 14, 2008, the plaintiff filed 30 pages with the court entitled "violation of detainee, violation of civil rights, felony, civil division." [d/e 6] The plaintiff's first page requests "by habeas corpus law that you grant all motions, requests and subpoenas concerning this civil claim..." [d/e 6, p.1] The plaintiff then asks for several records pertaining to his case and to subpoena witnesses. In the next several pages, the plaintiff lists problems he is having with medical care. The plaintiff also asks for a "hearing to be set for a continuance to further prepare and prove my case against Tazewell County" and asks to certify his lawsuit as a class action. [d/e 6, p.2] This is not a proper filing.

      The plaintiff's motion for documents is denied. The court does not have possession of any of these documents. Once the defendants in the case are served, the plaintiff may follow the Federal Rules of Civil Procedure and the Local Rules to obtain documents through the discovery process. In addition, the plaintiff may not subpoena witnesses at this time. The defendants are not yet in the case and the case is not set for a hearing or trial where witnesses are needed. This is also not the proper way to file a new lawsuit or add claims to the existing lawsuit.

      Finally, the court will not certify the plaintiff's lawsuit as a class action. First, the plaintiff's complaint contains events that are specific to the plaintiff. Second, the plaintiff is not represented by an attorney and does not claim that he is personally an attorney. Since absent class members are bound by a judgment whether for or against the class, they are entitled at least to the assurance of competent representation afforded by licensed counsel. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975); *see also Ethnic Awareness Organization v. Gagnon*, 568 F.Supp. 1186, 1187 (E.D.Wis.1983); *Huddleston v. Duckworth*, 97 F.R.D. 512, 514-15 (N.D.Ind.1983)(prisoner proceeding pro se not allowed to act as class representative).

Third, even lawyers may not act both as class representative and as attorney for the class because that arrangement would eliminate the checks and balances imposed by the ability of the class representatives to monitor the performance of the attorney on behalf of the class members. *See e.g.*, *Sweet v. Bermingham*, 65 F.R.D. 551, 552 (1975); *Graybeal v. American Saving & Loan Ass'n*, 59 F.R.D. 7, 13-14 (D.D.C.1973); *see also Susman v. Lincoln American Corp.*, 561 F.2d 86, 90 n. 5 (7th Cir.1977), appeal after remand, 587 F.2d 866 (1978), cert. denied, 445 U.S. 942, 100 S.Ct. 1337, 63 L.Ed.2d 775 (1980); *Conway v. City of Kenosha*, 409 F.Supp. 344, 349 (E.D.Wis.1975)(plaintiff acting both as class representative and as class attorney precludes class certification). The motions are denied. [d/e 6]

The plaintiff also filed a variety of confusing documents with the court on May 19, 2008. The court struck the 40 pages of documents and ordered the clerk to return them to the plaintiff. *See* May 20, 2008 Court Order. The court noted that the documents appeared to be in no particular order and contained copies of letters, detainee request forms, intake request forms, motions from a possible state court case and something entitled "motion of mandamus." The court informed the plaintiff that he could not "simply send in several pages and ask the court to try and guess his intention." *Id.* The plaintiff was advised how to file a motion, an amended complaint or a new lawsuit. *Id.*

The plaintiff has now submitted several more documents. [d/e 8, 9, 10, 11]. The plaintiff is asking for leave to file an amended complaint and has submitted a document entitled "Amended Complaint." Rule 15(a) of the Federal Rules of Civil Procedure allows a plaintiff to "amend his pleadings once as a matter of course at any time before a responsive pleading is served." Fed. R.Civ.P. 15(a). However, the court does not permit piecemeal amendments. An amended complaint must stand complete on its own, without reference to the pleading it replaces. This prevents confusion over claims and defendants.

In addition, the Federal Rules of Evidence require that the plaintiff submit "a short and plain statement of his claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Seventh Circuit has consistently noted that "the essential function of a complaint under the civil rules...is to put the defendant on notice of the plaintiff's claim." *Ross Brothers Construction Co., Inc, v. International Steel Services, Inc*. 2002 WL 413172 at 4 (7th Cir. 2002) quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001).

The plaintiff's proposed amended complaint is not on a standard complaint form and does not list any defendants. Instead, the plaintiff has submitted 28 pages of general accusations against jail staff. The complaint does not provide time frames for some allegations and it does not clearly delineate claims. It also does not appear that the proposed amended complaint is a complete document since the plaintiff asks to "add any and all prior complaints and documents..." (Amended Comp., p. 3). The body of the amended complaint does include

defendant names and it is clear the plaintiff would like to add additional defendants to this case. Finally, it is difficult to tell if some of the documents are meant to be exhibits or if they are a continuation of the complaint since the writing is on pre-printed forms.

To avoid confusion over intended claims and defendants, the court will deny the plaintiff's motion to file an amended complaint [d/e 9] and require the plaintiff to file a second amended complaint. The court appreciates that the plaintiff is representing himself and will provide some specific guidelines for the plaintiff to follow to assist the plaintiff. The clerk of the court is directed to provide the plaintiff with another standard complaint form. The plaintiff may use this form to help prepare his complaint. The plaintiff should label his complaint "Second Amended Complaint." The plaintiff should write only on this standard complaint form or blank pages of paper and only on the lines provided. THE PLAINTIFF SHOULD NOT ATTACH ANY DOCUMENTATION TO HIS COMPLAINT. The document should only include the plaintiff's intended defendants and claims. The document should not refer to any previous filing.

The plaintiff should first provide a list of his defendants with their known addresses. Then the plaintiff should provide a short, clear statement of each of his intended claims. The plaintiff must:

1) number each allegation;
2) list which defendant or defendants are involved in each claim;
3) provide a general time frame for each allegation; and,
2) provide a short, simple explanation of what happened.

The explanation provided by the plaintiff should be clear and concise and should not exceed a few sentences for each claim. The plaintiff is advised that he must follow these specific directions in order to put the court and defendants on notice of all his intended claims and defendants.

The court notes that the plaintiff has again asked the court to certify his lawsuit as a class action. [d/e 8] The motion is denied for the reasons previously stated. The court also notes that throughout the plaintiff's motions, he makes reference to "habeas corpus law." The plaintiff has not filed a habeas lawsuit. If he wishes to challenge a criminal conviction, he should file a separate lawsuit as previously advised. The plaintiff also appears to be asking for criminal charges to be filed. If the plaintiff wishes criminal charges to be filed against the Tazewell County defendants, he should contact the Tazewell County State's Attorney's office, not the federal court.

The plaintiff has again asked to subpoena witnesses and has asked for a chance to present an oral argument in favor of his claims. The motions are denied. [d/e 9, 11] The court will first

require the plaintiff to more clearly state his claims in writing.  Once the plaintiff has followed the guidelines in this order, the case will be set for a merit review hearing if there are additional questions about his claims.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion to continue, motion to certify as a class action and motion for discovery is denied. [d/e 6]**

**2) The plaintiff's second motion to certify as a class action is denied. [d/e 8]**

**3) The plaintiff's motion for leave to file an amended complaint, issue subpoenas and file criminal charges is denied. [d/e 9, 10]**

**4) The plaintiff's motion for an oral argument is denied. [d/e 11]**

**5) The plaintiff must file a proposed second amended complaint.  The clerk of the court shall provide the plaintiff with a standard complaint form. THE PLAINTIFF MUST FILE THE SPECIFIC DIRECTIONS OUTLINED IN THIS ORDER. The plaintiff must file his second amended complaint with the clerk of the court on or before June 30, 2008.  <u>If the plaintiff fails to follow the court's direction, his case may be dismissed</u>**.

**6) This case is set for a merit review hearing on the second amended complaint on July 15, 2008  at 9:30 a.m. by telephone conference call.  The clerk is to issue a writ for the plaintiff's participation in the telephone conference call.**

Entered this 9th day of June, 2008.

**s\Harold A. Baker**

_____
HAROLD BAKER
UNITED STATES DISTRICT JUDGE