UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOSHUA THOMAS,
   Plaintiff,

vs.                                                    No. 08-1101

DR. CULLINAN, et. al,
   Defendants

## CASE MANAGEMENT ORDER #2

     This cause is before the court for a merit review of the plaintiff's second amended complaint. The plaintiff has filed numerous documents with the court in an attempt to amend the original complaint he filed on April 30, 2008. [d/e 6, 9, 10, 13]. On June 9, 2008 and June 12, 2008, the court struck the documents. The court also provided the plaintiff with specific instructions to follow in order to file an amended complaint in compliance with the Federal Rules of Evidence. *See* June 9, 2008 and June 12, 2008 Court Orders. The plaintiff has now filed two motions to amend his complaint. [d/e 15, 16]. The two proposed amended complaints are duplicates. Therefore, the court will strike the plaintiff's second, duplicate motion. [d/e 16]. The court will allow the plaintiff's first motion for leave to file a Second Amended Complaint. [d/e 15].

     The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's second amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

     The plaintiff has filed his Second Amended Complaint pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Tazewell County Jail. The plaintiff has named 13 defendants including Sheriff Houston, Sergeant Ullrich, Sergeant Vandussen, Dr. Honan, Nurse Jessica, Tazewell County, the Tazewell County Jail and Officers Sedowski, Bieber, Piro, Strunk, Holtkey, and Godbar.

     The plaintiff has named completely different defendants than he named in his original complaint. Therefore, the court will dismiss the previously named defendants including Dr. Cullinan, unknown nurses( Renae and Taylor), Earl Helm, Andrew Thompson, Mrs. Linton, Paul Malavolti, Dr. Vorin, Mr. Canton and Mrs. Hostettler. In addition, many of the new allegations involve incidents that occurred after the plaintiff filed his original complaint on April 30, 2008. The plaintiff says he has filed grievances, but never gets any responses. Therefore, the plaintiff

says he has exhausted all available administrative remedies.

The plaintiff has followed the court's directions. He has numbered his intended allegations and clearly stated which defendants he is accusing of violating his rights and he has provided general time frames:

1) SHERIFF HOUSTON. The plaintiff says he sent the sheriff various complaints and grievance forms and the sheriff has failed to answer or respond. Failing to respond to a grievance alone is not a violation of a constitutional right. However, the court also notes that later in his complaint, the plaintiff states that the Sheriff was aware of the actions of Sergeant VanDussen and Ullrich, but took no steps to stop it. The court will therefore add the sheriff to claims against these two individuals.

2) SERGEANT VANDUSSEN. The plaintiff says the defendant has "punished me without legal cause." (Comp, p. 9).[1] The plaintiff says the defendant has taken his personal property including legal mail, personal mail, a bible, papers, pencils, hygiene items and bedding. The defendant has also covered his windows with a blanket. The plaintiff says he has never received a disciplinary ticket, nor has he had a hearing. The plaintiff says the defendant has violated his due process rights. The plaintiff also says he believes he is being punished due to his previous lawsuits. For this claim, the plaintiff has not identified a time frame. The plaintiff will be required to provide a general time frame for these allegations as this lawsuit proceeds.

The court finds for the purposes of notice pleading, the plaintiff has adequately alleged that Defendant VanDussen has violated his due process rights by punishing him without a due process hearing. It is unclear at this point in the litigation whether the plaintiff was a pretrial detainee at the time. In addition, the court finds that the plaintiff has adequately alleged that VanDussen violated his constitutional rights based on living conditions, and retaliated against him in violation of his First Amendment rights.

The court notes that the plaintiff also mentions that the defendant took some of his legal papers and limited the amount of time he could do research. The plaintiff has not stated a violation of his constitutional rights. An inmate alleging denial of access to the courts lacks even the standing to assert such a claim in the absence of actual injury, which means an adverse decision in, or inability to litigate, some concrete legal claim. *Lewis v. Casey,* 518 US. 343, 116 S. Ct. 2174, 2180 (1996).

The plaintiff also alleges that the defendant abused him, but his cites no specific examples.

3) SERGEANT ULLRICH. The plaintiff says Defendant Ullrich does all the same things Defendant Vandussen and has done nothing to stop Vandussen. The court will add Defendant

---

[1] Because some pages in the complaint were numbered and some were not, the court has renumbered the complaint from the first page to the last for ease of reference.

Ullrich to the previously stated allegations.  In addition, the plaintiff says on May 16, 2008, Ullrich repeatedly slammed his face into a concrete wall when his hands were handcuffed behind his back.  The defendant also pushed his knee into the plaintiff's back.  The plaintiff has adequately alleged that the defendant used excessive force against him.

4) OFFICER BIEBER.  The plaintiff says on April 29, 2008, Officer Bieber ripped up two grievances that the plaintiff had written against the officer.  No further information is alleged. The court finds this single incident does not rise to the level of a constitutional violation.

5) OFFICER PIRO.  The plaintiff says on May 31, 2008 the officer tore up a medical request form for medication.  In addition, the plaintiff says the defendant used excessive force against the plaintiff when he intentionally squished the plaintiff's foot in a door causing injury and then refused to allow him to get medical attention.  The plaintiff has adequately alleged that Officer Piro used excessive force against the plaintiff and was deliberately indifferent to his serious medical condition.

6) OFFICER SEDOWSKI.  The plaintiff says in the fall of 2006, the officer hit the plaintiff the face several times when the plaintiff was handcuffed causing injury.  The plaintiff has adequately alleged excessive force.

7) OFFICER HOLTKEY.  The plaintiff says this officer did not allow him to eat breakfast on May 16, 2008 and took his bed when the plaintiff asked a question.  The plaintiff provides no further information. The court finds that this single incident does not rise to the level of a constitutional violation.

8) DR. HONAN:  The plaintiff says the doctor "refused to treat me medically and order me X-rays." (Comp., p. 12).  The plaintiff does not provide any further information.  The plaintiff has failed to state a violation of his constitutional rights because "dissatisfaction or disagreement with the method of treatment or inability to effect a final cure does not constitute an Eighth Amendment claim of deliberate indifference."  *Jones v. Natesha*,151 F.Supp.2d 938, 945 (N.D.Ill.,2001), *citations omitted*.

9) OFFICER GODAR.  The plaintiff says this officer "took my mail and would not let me file charges."  (Comp., p 12).   The plaintiff provides no further information and this allegation alone does not state a violation of his constitutuional rights.

10) NURSE JESSICA- The plaintiff says on May 26, 2006, the nurse refused to treat the plaintiff for multiple deep gashes in his arm and wrist.   The plaintiff says he could not control his bleeding and was passing in and out of conscientiousness.  The plaintiff has adequately alleged that the defendant was deliberately indifferent to his serious medical needs.

11) OFFICER STRUNK.  The plaintiff says this defendant denied him a chance to talk to his attorney on June 12, 2008.   The plaintiff provides no further information and has failed to state a claim based on this one event.  The defendant has also refused to allow him time out of his cell,

3

and taken his personal property and bedding.   The plaintiff has stated a violation of his Eighth Amendment rights based on his living conditions.

12) TAZEWELL COUNTY and the JAIL.  The plaintiff says no one has done anything to help him or stop the illegal punishment.   The plaintiff says he has gone through the grievance process and "notified all authorities in Tazewell County." (Comp, p. 13) The plaintiff notes in his complaint that if the county and/or the jail are not allowed as defendants, he gives "consent to take these two listed defendants off of this complaint." (Comp., p. 6)

The plaintiff is correct that neither are appropriate defendants in this case.   First, a jail is not a legal entity and thus not a proper §1983 defendant.  Second, a local governmental unit can only be held liable under §1983 only if there is a direct causal link between a governmental policy or custom and a constitutional deprivation. *Monell v. New York City Department of Social Services,* 436 US 658, 694(1978).  The plaintiff does not allege that any policy or custom resulted in his alleged violations.

The plaintiff has now identified the claims in his complaint and the case is now ready to move forward.   The plaintiff is advised that although the court does grant pro se plaintiffs a degree of latitude, the court may deny future amendments for "undue delay, bad faith, dilatory motive, prejudice or futility." *General Electric Capital Corp. v Lease Resolution Corp*, 128 F.3d 1074, 1085 (7th cir. 1997).

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion for leave to file a third amended complaint is denied. [d/e 16]. The attached amended complaint is a duplicate of the plaintiff's second amended complaint.**

**2) The plaintiff's motion to file a Second Amended Complaint is granted. [d/e 15] The clerk of the court is directed to file the attached Second Amended Complaint. [d/e 15]**

**3) The clerk of the court is directed to dismiss the defendants named in the original complaint, but no longer included in the Second Amended Complaint including Dr. Cullinan, unknown nurses( Renae and Taylor), Earl Helm, Andrew Thompson, Mrs. Linton, Paul Malavolti, Dr. Vorin, Mr. Canton and Mrs. Hostettler.**

**4) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims:**

> **a) Defendants VanDussen, Ullrich and Houston violated the plaintiff's due process rights by punishing him without a due process hearing.**
> **b) Defendants VanDussen, Ullrich, Houston and violated the plaintiff's constitutional rights based on living conditions**.
> **c) Defendant VanDussen and Ullrich retaliated against the plaintiff based on**

> previous lawsuits and grievances in violation of the plaintiff's First Amendment rights.
> d) Defendant Ullrich used excessive force against the plaintiff on May 16, 2008.
> e) Defendant Piro used excessive force against the plaintiff on May 31, 2008.
> f) Defendant Piro was deliberately indifferent to the plaintiff's serious medical condition on May 31, 2008.
> g) Defendant Sedow used excessive force in the fall of 2006.
> h) Nurse Jessica was deliberately indifferent to the plaintiff's serious medical condition on May 26, 2006.
> The claims are against the defendants in their individual capacities only.

5)  All other claims based on federal law, other than those set forth in paragraph (4) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.   The clerk of the court is therefore directed to dismiss Defendants Bieber, Holtkey, Honan, Godar, Strunk, Tazwell County and the Tazwell County Jail.

6)  This case shall proceed solely on those federal claims identified in paragraph (4) above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

7) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.

8)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.

9)  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

   Entered this 10th Day of July, 2008.


                              s\Harold A. Baker
                        _____
                              HAROLD A. BAKER
                        UNITED STATES DISTRICT JUDGE