UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOSHUA THOMAS,
            Plaintiff,

                                                08-1101

SHERIFF HUSTON, et. al.,
            Defendants.

## CASE MANAGEMENT ORDER

        This cause is before the court for case management and consideration of the plaintiff's renewed motion for appointment of counsel. [d/e 101]

        After review of various amended complaints, the court found that the plaintiff had the following surviving claims against defendants at the Tazewell County Jail:

        1) Defendants Van Dusen, Ulrich and Huston violated the plaintiff's due process rights by punishing him without a hearing;
        2) Defendants Van Dusen, Ulrich, and Huston violated the plaintiff's constitutional rights based on his living conditions;
        3) Defendant Van Dusen and Ulrich retaliated against the plaintiff based on previous lawsuits and grievances;
        4) Defendant Van Dusen used excessive force against the plaintiff on May 16, 2008
        5) Defendant Piro used excessive force against the plaintiff on May 31, 2008
        6) Defendant Szadkowski used excessive force in the fall of 2006
        7) Nurse Baker was deliberately indifferent to the plaintiff's serious medical condition on May 26, 2006.  *See* July 10, 2008 Case Management Order*; see also* August 22, 2008 Text Order

        The plaintiff has filed his second motion for appointment of counsel. [d/e 101]  The plaintiff's first motion for appointment of counsel was filed on September 18, 2008. [d/e 39]   The plaintiff simply said that he was proceeding *in forma pauperis*, had contacted two attorneys and was unable to find anyone to represent him. The motion was denied. October 14, 2008 Text Order.

        The defendants have now filed motions for summary judgement and the plaintiff has filed various responses.   After responding, the plaintiff then filed a second motion for appointment of counsel. [d/e 101].  In considering the plaintiff's motion, the court asks: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?"  *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993)

        The plaintiff says he is on various medications due to "numerous mental illnesses." (Plain. Memo, p. 1).  The plaintiff says he is unable to represent himself and therefore, needs counsel to be

1

appointed. The plaintiff has then attached medication records. The court does not know why medications were prescribed since the plaintiff provides no evaluation or diagnosis from any medical professional. More importantly, the plaintiff has only provided records from three to four years ago. None of the records pertain to current medications or mental health treatment or diagnosis.

In considering the first prong of the test, it is arguable whether the plaintiff has ever demonstrated a reasonable effort to obtain counsel on his own. In his first motion, the plaintiff stated he had attempted to hire counsel, but attached only one letter in support of this claim.

Irregardless, the court finds that the plaintiff is competent to represent himself at this stage of the litigation given the difficulty of the case. The plaintiff's claims are not complex. In hindsight, the court should not have allowed the plaintiff to proceed on seemingly unrelated claims against unrelated defendants. However, the majority of the plaintiff's claims allege excessive force. The plaintiff is capable of telling his version of events and can submit any relevant medical records. The same is true for the plaintiff's claims involving due process or living conditions.

The plaintiff has one claim involving medical care. The plaintiff alleges that on May 26, 2006, a nurse refused to provide him care for deep cuts on his arm and wrist. This is a single incident that does not involve a complex medical condition.

In addition, the plaintiff has already demonstrated that he is capable of filing responses to the pending motion for summary judgement.

**IT IS THEREFORE ORDERED that the plaintiff's renewed motion for appointment of counsel is denied. [d/e 101]**

Entered this 16th day of March, 2010.


                                        **s\Harold A. Baker**
                    _____
                                        HAROLD A. BAKER
                                    UNITED STATES DISTRICT JUDGE